My special concern is that the main opinion holds that the plaintiffs are not suffering irreparable injury from Farley's discharge and Roberson's demotion pending final hearing and final judgment in the case notwithstanding that the trial court, in issuing the preliminary injunction, specifically found as a fact that the plaintiffs are suffering irreparable injury. One irreparable injury specifically and expressly found by the trial court is Farley's loss of his insurance coverage as a result of his discharge. If, before final judgment, Farley or a member of his family were to suffer an injury or illness and were consequently to incur medical expenses that would be covered by the insurance included in Farley's fringe benefits if he were still employed but will not be covered since he has been discharged, the question devolves whether Farley's remedy upon a final judgment on his wrongful discharge claim could legally include compensation for those medical expenses. This Court, in its deliberations on this case, has considered this special concern.
This Court, in its main opinion, holds that the preliminary injunction is not appropriate because the plaintiffs are not suffering irreparable injury because "`irreparable injury is an injury that is not redressable in a court of law through an award of money damages.'" 789 So.2d at 856. The main opinion further holds:
 "If Farley and Roberson prevail on a final hearing and Woodward, in his official capacity, is ordered to reinstate them with backpay, or if Woodward loses on his defenses of immunity from personal liability, they will have an adequate remedy at law." (Emphasis added.)
Implicit in these holdings is that such medical expenses will be recoverable if Farley prevails in either event equally: either the event that "Woodward, in his official capacity, is ordered to reinstate them with backpay," or the event that "Woodward loses on his defenses of immunity from personal liability." Further, this Court cannot be fairly relying on the eventuality of Farley's prevailing against Woodward individually and personally, in conjunction with Farley's achieving reinstatement with backpay, for the holding that Farley is not suffering irreparable injury pending final judgment, for Farley's complaint against Woodward individually and personally seeks relief beyond the basic relief recoverable in a wrongful discharge claim and requires proof of additional essential elements. This Court cannot fairly be holding that a plaintiff in a wrongful discharge case does not suffer irreparable injury from the uninsured risk of such medical expenses because such plaintiff (speculatively) can also sue some individual affiliated with the employer to recover those medical expenses. *Page 858 
With these understandings of the main opinion, I am concurring. I would be disappointed if, in the future, Farley were to incur uninsured medical expenses and were to win a final judgment against his employer, as such, for reinstatement with backpay and compensation for the medical expenses, but not win a final judgment against Woodward individually and personally, and this Court, or any court, were to vacate or to reverse the judgment for the medical expenses on the rationale that they were not recoverable after all — that the uninsured risk of those expenses was irreparable after all.